**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

# MOTION INFORMATION STATEMENT

**Docket Number(s):** 26-446

Caption [use short title]

Donaye-Contreras v. Mullin et al.

**Motion for:** Dismissal of appeal and alternative motion to hold appeal in abeyance.

Set forth below precise, complete statement of relief sought:

Dismissal of the habeas appeal as moot because Petitioner has received requested relief of bond hearing.
Alternative motion to hold appeal in abeyance pending Supreme Court's resolution of certiorari petition in Rhoney v. Barbosa da Cunha, No. 26-104.

**MOVING PARTY:** Markwayne Mullin, et al.

**OPPOSING PARTY:** Francisco Antonio Donaye-Contreras

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☒ Appellee/Respondent

**MOVING ATTORNEY:** Walter Bocchini

**OPPOSING ATTORNEY:** Andrea C. Soto

[name of attorney, with firm, address, phone number and e-mail]

| Moving attorney | Opposing attorney |
|---|---|
| U.S. Dept. of Justice, Office of Immigration Litigation | Soto Law, PLLC |
| PO Box 878 Ben Franklin Station, Washington, DC 20044 | 445 Hamilton Avenue, Suite 407, White Plains, NY 10601 |
| 202-514-0492/walter.bocchini@usdoj.gov | 914-290-4900/asoto@andreasotolaw.com |

Court- Judge/ Agency appealed from: WDNY - Buffalo

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☒ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

WALTER BOCCHINI Digitally signed by WALTER BOCCHINI Date: 2026.08.26 17:28:29 -04'00'

**Date:** 08/26/26

Service : ☒ Electronic ☐ Other [Attach proof of service]

**Form T-1080** (rev. 10-23)

# No. 26-446

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

---

**FRANCISCO ANTONIO DONAYE-CONTRERAS,**

**Petitioner-Appellant,**

**v.**

**MARKWAYNE MULLIN, in his Official Capacity, Secretary of Homeland Security, TODD BLANCHE, in his official capacity, United States Attorney General, THOMAS FEELEY, in his Official Capacity, Field Office Director for ICE's Enforcement and Removal Operations, Buffalo Federal Detention Facility, Batavia, New York, JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services, The GEO Group, Inc, Acting Director of the Buffalo Federal Detention Facility, Batavia, New York,**

**Respondents-Appellees.**

---

## RESPONDENTS-APPELLEES' MOTION TO DISMISS APPEAL AS MOOT AND ALTERNATIVE MOTION TO HOLD APPEAL IN ABEYANCE IN LIEU OF ANSWERING BRIEF

---

## INTRODUCTION

Petitioner-Appellant, Francisco Antonion Donaye-Contreras ("Donaye") appeals from a January 27, 2026 district court order denying his petition for a writ of habeas corpus. Pet'r App'x at A131-33. Respondents-Appellees now respectfully move to dismiss this appeal as moot and, in the alternative, ask the Court to hold this appeal in abeyance pending the Supreme Court's resolution of the petition for writ of *certiorari* filed following this Court's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61, 72 (2d Cir. 2026).

On August 26, 2026, counsel for Respondents informed Donaye's counsel, Andrea Soto, of Respondents' intent to file this motion. Ms. Soto replied that she requires additional time to consult with Donaye regarding this motion prior to taking a position. Ms. Soto also indicated that she intends to respond to this motion and reserved the right to file a response within the time allowed by the Federal Rules of Appellate Procedure.

## RELEVANT BACKGROUND

Donaye, a native and citizen of Venezuela, unlawfully entered the United States on September 15, 2022, near El Paso, Texas. Pet'r App'x at A57, A87-88. He was apprehended by a Border Patrol Agent about fifteen minutes later. *Id.* at A57. Donaye was arrested by Border Patrol and, following further administrative processing over the next handful of days, "was released" from

Department of Homeland Security ("DHS") custody "with Alternate to Detention as a Condition of Parole." *Id.* at A88-89; *see id.* at A8, A11, A54. Specifically, Donaye's Arrival/Departure Record (Form I-94) contains a stamp confirming that he was granted humanitarian parole under 8 U.S.C. § 1182(d)(5) on September 21, 2022, for a sixty-day period not to exceed November 20, 2022. *See id.* at A57.

Donaye was most recently taken into custody by DHS on October 8, 2025. *See id.* at A88. On October 14, 2025, DHS commenced removal proceedings against Donaye under 8 U.S.C. § 1229a by filing a Notice to Appear with the New York, New York, Immigration Court. *See id.* at A31-32. DHS charged Donaye with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled. *See id.* In removal proceedings, DHS filed a motion to pretermit Donaye's application for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture, *see id.* at A221-25, which the Immigration Judge granted on February 2, 2026, *see id.* at A242-45. Donaye filed a timely notice of appeal with the Board of Immigration Appeals ("Board") on February 12, 2026.

*See id*. at A246-48. That administrative appeal currently remains pending.[1] *See id*. at A249-50.

In the meantime, on November 26, 2025, Donaye filed a habeas petition in the Western District of New York. Pet'r App'x at A5-28. Specifically, Donaye challenged the legality of his detention "without an individualized custody determination." Pet'r App'x at A20; *see id*. at A12 ("His continued detention without a bond hearing violates his constitutional rights and imposes undue hardship[.]"). Respondents subsequently moved to dismiss the petition. *See id*. at A99-107. On January 27, 2026, the district court granted Respondents' motion to dismiss and denied Donaye's habeas petition. *See id*. at A131-33. This appeal followed.

While his appeal was pending in this Court, Donaye filed a second habeas petition in the Western District of New York. *See Donaye-Contreras v. Mullin, et al.*, No. 1:26-cv-01077-JLS, ECF No. 1 (May 26, 2026). Following a hearing on July 14, 2026, the district court granted Donaye's habeas petition and ordered Respondents to provide him with a bond hearing no later than July 28, 2026. *See* Exh. A (docket sheet); Exh. B (July 15, 2026 district court order). Consistent

[1] After filing his notice of appeal with the Board, Donaye twice requested a custody redetermination under 8 U.S.C. § 1226, which the Immigration Judge denied on jurisdictional grounds. Pet'r App'x at A254-55, A258-59.

with the district court's order, an Immigration Judge held a bond redetermination hearing on July 21, 2026, and issued an oral decision denying bond because she found that Donaye is a flight risk. *See* Exh. C (Immigration Judge order).

## ARGUMENT

### I. THE COURT SHOULD DISMISS THIS APPEAL BECAUSE IT IS MOOT

The Constitution limits the judicial authority of the federal courts to "Cases" and "Controversies," U.S. Const. art. III, § 2, and "[w]ithout a case or controversy between adverse parties, a federal court does not have subject matter jurisdiction over an action." *Kellogg v. Nichols*, 170 F.4th 20, 26 (2d Cir. 2026); *Srour v. New York City, New York*, 117 F.4th 72, 80 (2d Cir. 2024) ("Mootness is a jurisdictional matter relating to the Article III requirement that federal courts hear only cases or controversies."); *Allen v. Wright*, 468 U.S. 737, 750 (1984) ("[T]he 'case or controversy' requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded."). Satisfaction of the case-or-controversy requirement means that "a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Once "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome . . . making impossible for a court to grant any

effectual relief," a case becomes moot. *Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025); *see Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 223 (2d Cir. 2025) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). Thus, "[i]f events occur during the pendency of an appeal that render the case moot, [the court] must dismiss the appeal rather than issue an advisory opinion." *Longway v. Jefferson Cnty. Bd. of Sup'rs*, 24 F.3d 397, 400 (2d Cir. 1994).

Here, events during the pendency of this appeal render it moot and require dismissal. *See id*. Particularly, Donaye's second habeas petition was granted and, consistent with the district court's order in those proceedings, he received a bond hearing under 8 U.S.C. § 1226(a) from the Immigration Judge in July 2026. *See* Exhs. A, B, C. The fact that Donaye has now had a bond hearing is significant because, in the habeas petition that is the subject of this appeal, Donaye challenged the legality of his detention "without an individualized custody determination." Pet'r App'x at A20; *see id*. at A12 ("His continued detention without a bond hearing violates his constitutional rights and imposes undue hardship on his ability to recover physically."); *see also* Pet'r Br. 30 ("His habeas petition challenges only the statutory basis for his detention and the absence of any administrative mechanism to obtain a bond hearing.").

Before this Court, Donaye similarly complains that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and argues at length that this Court's decision in *Barbosa da Cunha*, 175 F.4th at 72, mandates that remedy for aliens in his circumstances. Pet'r Br. at 5-7, 17-23, 27-32, 34. But Donaye has now received the relief he requested. An Immigration Judge conducted a bond hearing in July 2026, at which Donaye was represented by his current counsel. *See* Exh. C. At the conclusion of that hearing, the Immigration Judge rendered an individualized custody determination finding that Donaye is a flight risk. *See* Exh. C. Accordingly, the relief Donaye seeks here is no longer needed and the Court should therefore dismiss this appeal as moot. *Spencer* , 523 U.S. at 7 ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."); *Neurological Surgery Prac. of Long Island, PLLC*, 145 F.4th at 223; *see also D.C. v. Noem*, 825 F. Supp. 3d 309, 327 (S.D.N.Y. 2026) ("A bond hearing with constitutionally adequate procedural safeguards, presided over by an IJ, will occur imminently—one week from today. As the case law reflects, nothing more is needed to make the habeas remedy effective.").

## II. ALTERNATIVELY, THE COURT SHOULD HOLD THIS APPEAL IN ABEYANCE PENDING THE SUPREME COURT'S RESOLUTION OF THE *CERTIORARI* PETITION IN *BARBOSA DA CUNHA*

Donaye argues throughout his opening brief that this Court's recent decision in *Barbosa da Cunha*, 175 F.4th 61, is controlling of the outcome here. Pet'r Br. 17-22. On July 23, 2026, the Government filed a petition for a *writ of certiorari* with the Supreme Court, which is docketed under number 26-104. A response to that petition was due for filing on August 24, 2026, and has not yet been docketed. Without conceding that Donaye's view of *Barbosa da Cunha* is necessarily complete and correct, Respondents nevertheless maintain that the Court's analysis and conclusion there is certainly relevant to the issues presented here. Because that is so, and given the specific facts and circumstances of this case that are known to Respondents at this time, an abeyance pending the Supreme Court's resolution of the *certiorari* petition is appropriate and will undoubtedly serve both the parties and the Court in resolving this appeal.

## CONCLUSION

Based on the foregoing, Respondents respectfully request that the Court grant this motion and dismiss this appeal because it is moot. In the alternative, Respondents respectfully request that the Court order this appeal held in abeyance pending the Supreme Court's decision on the petition for a writ of *certiorari* in *Barbosa da Cunha*. If any part of this motion is denied, Respondents respectfully request an additional fourteen days from the date of the Court's decision in which to file an answering brief.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

s/Walter Bocchini
WALTER BOCCHINI
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044
(202) 514-0492

LESLIE McKAY
Assistant Director

Dated: August 26, 2026

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B), this document contains 1610 words.

This document also complies with the formatting requirements of Fed. R. App. P. 32(d)(1)(E), including the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in proportionally-spaced 14-point Times New Roman font using Microsoft Word 365.

s/Walter Bocchini
WALTER BOCCHINI
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044
(202) 514-0492

## CERTIFICATE OF SERVICE

I certify that on August 26, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate ACMS system. I further certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

s/Walter Bocchini
WALTER BOCCHINI
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044
(202) 514-0492

# Exhibit A

Query Reports Utilities Help Log Out

CLOSED,HABEAS

# U.S. DISTRICT COURT
# U.S. District Court, Western District of New York (Buffalo)
# CIVIL DOCKET FOR CASE #: 1:26-cv-01077-JLS

Donaye-Contreras v. Mullin et al
Assigned to: Hon. John L. Sinatra, Jr.
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 05/26/2026
Date Terminated: 07/15/2026
Jury Demand: None
Nature of Suit: 463 Habeas Corpus - Alien Detainee
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Francisco Antonio Donaye-Contreras** represented by **Andrea C Soto**
Soto Law PLLC
445 Hamilton Avenue
Suite 407
White Plains, NY 10601
914-290-4900
Fax: 914-898-9100
Email: service@andreasotolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Markwayne Mullin**
*in his official capacity as Secretary of the U.S. Department of Homeland Security*

represented by **Adam A. Khalil**
DOJ-USAO
100 State Street, Suite 500
Rochester, NY 14614
585-399-3979
Email: adam.khalil@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**United States Attorney's Office (e-service)**
Western District of New York
Email: USANYW-Immigration-Habeas@usdoj.gov
*TERMINATED: 06/04/2026*

**Respondent**

**Todd Blanche**
*in his official capacity as Attorney General of the United States*

represented by **Adam A. Khalil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**United States Attorney's Office (e-service)**
(See above for address)
*TERMINATED: 06/04/2026*

**Respondent**

**David Venturella**
*Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement*

represented by **Adam A. Khalil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**United States Attorney's Office (e-service)**
(See above for address)
*TERMINATED: 06/04/2026*

**Respondent**

**Michael Ball**
*Acting Deputy Field Office Director, Buffalo Federal Detention Facility, in his official capacity 4250 Federal Drive Batavia, NY 14020*

represented by **Adam A. Khalil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**United States Attorney's Office (e-service)**
(See above for address)
*TERMINATED: 06/04/2026*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/26/2026 | 1 | PETITION for Writ of Habeas Corpus ( Filing fee $ 5 receipt number ANYWDC-5841825.), filed by Francisco Antonio Donaye-Contreras. (Attachments: # 1 Civil Cover Sheet Civil Cover sheet, # 2 Exhibit Exhibit A - Parole Documentation, # 3 Exhibit Exhibit B - BIA Notice of Appeal, # 4 Exhibit Exhibit C - Bond Denials)(Soto, Andrea) (Entered: 05/26/2026) |
| 05/27/2026 | | Case assigned to Hon. John L. Sinatra, Jr. Notification to chambers of online civil opening. (MMG) (Entered: 05/27/2026) |
| 05/27/2026 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. (MMG) (Entered: 05/27/2026) |
| 05/27/2026 | 2 | TEXT ORDER. Through counsel, Petitioner seeks relief under 28 U.S.C. § 2241. Dkt. 1. Respondents shall respond to the petition by June 10, 2026. Petitioner's response is due by June 17, 2026. In their briefs, the parties shall address whether and how the Second Circuit's decision in *Da Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), applies. The Clerk of Court shall serve a copy of the petition (Dkt. 1), and a copy of this text order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov. SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 5/27/2026. (KLH) (Entered: 05/27/2026) |
| 05/27/2026 | | Remark: Chambers emailed 1 Petition to USANYW-Immigration-Habeas@usdoj.gov. (KLH) (Entered: 05/27/2026) |

| | | |
|---|---|---|
| 06/04/2026 | 3 | NOTICE of Appearance of Government Attorney: Adam A. Khalil, appearing on behalf of Todd Blanche, Todd M. Lyons, Markwayne Mullin, Warden.<br><br>CLERK TO FOLLOW UP. (Khalil, Adam) (Entered: 06/04/2026) |
| 06/04/2026 | 4 | REPLY/RESPONSE to re 2 Text Order,, filed by Todd Blanche, Todd M. Lyons, Markwayne Mullin, Warden. (Khalil, Adam) (Entered: 06/04/2026) |
| 06/08/2026 | 5 | REPLY/RESPONSE to re 4 Reply/Response *Petitioner's Reply to Respondents' Response to Order to Show Cause* filed by Francisco Antonio Donaye-Contreras. (Soto, Andrea) (Entered: 06/08/2026) |
| 06/15/2026 | 6 | TEXT ORDER. Respondents shall file a status report by June 23, 2026. SO ORDERED. Issued by Hon. John L. Sinatra, Jr., on 6/15/2026. (KEF) (Entered: 06/15/2026) |
| 07/02/2026 | 7 | Letter filed by Francisco Antonio Donaye-Contreras *regarding Respondents' non-compliance with the Court's June 15, 2026 Order and status update*. (Soto, Andrea) (Entered: 07/02/2026) |
| 07/06/2026 | 8 | Letter filed by Michael Ball, Todd Blanche, Markwayne Mullin, David Venturella *re: inadvertent missed filing of drafted letter*. (Attachments: # 1 June 15 Status update letter) (Khalil, Adam) (Entered: 07/06/2026) |
| 07/07/2026 | 9 | TEXT ORDER. A status conference is set for 7/14/2026, at 9:30 AM, in Chautauqua Courtroom, 8th Floor East, 2 Niagara Square, Buffalo, NY before Hon. John L. Sinatra, Jr. SO ORDERED. Issued by Hon. John L. Sinatra, Jr., on 7/7/2026. (KEF) (Entered: 07/07/2026) |
| 07/07/2026 | | RESCHEDULING NOTICE (*time change only*). Status conference rescheduled for 7/14/2026, at 10:30 AM, in Chautauqua Courtroom, 8th Floor East, 2 Niagara Square, Buffalo, NY before Hon. John L. Sinatra, Jr. Issued by Hon. John L. Sinatra, Jr., on 7/7/2026. (KEF) (Entered: 07/07/2026) |
| 07/14/2026 | 10 | TEXT ORDER. Respondents concede that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) under Second Circuit caselaw. *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); Dkt. 4; Dkt. 8-1. As a result, the immigration court has jurisdiction over a bond hearing, pursuant to *Da Cunha*. Because Petitioner's detention has not become prolonged under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020), that case does not require burden-shifting at the bond hearing. Accordingly, Respondents are ordered to provide Petitioner with a bond hearing under the relevant regulations by no later than July 28, 2026. The Clerk of Court shall close this case. SO ORDERED. Issued by Hon. John L. Sinatra, Jr., on 7/14/2026. (KEF)<br><br>Clerk to follow up. (Entered: 07/14/2026) |
| 07/14/2026 | 11 | Minute Entry for proceedings held before Hon. John L. Sinatra, Jr.<br><br>The parties appeared for a status conference. Counsel advised the Court of the parties' positions on the petition. The government confirmed its position in Dkt. 4. After hearing clarification from the parties regarding the facts alleged in the petition and argument on burden-shifting, the Court granted the petition and held that Petitioner would bear the burden at the bond hearing.<br><br>Appearances: Andrea C. Soto (by teleconference), on behalf of petitioner Donaye-Contreras; Adam A. Khalil, on behalf of respondents; Bonnie Weber, RPR, Court Reporter. (KLH) (Entered: 07/14/2026) |

| | | |
|---|---|---|
| 07/15/2026 | 12 | JUDGMENT in favor of Francisco Antonio Donaye-Contreras against David Venturella, Markwayne Mullin, Michael Ball, Todd Blanche. Signed by Andrew W. Moeller, Clerk of Court, on 7/15/2026. (DDS) (Entered: 07/15/2026) |

---

## PACER Service Center

### Transaction Receipt

| 08/26/2026 14:37:30 | | | |
|---|---|---|---|
| **PACER Login:** | lmckay161 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-01077-JLS |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# Exhibit B

Judgment in a Civil Case

United States District Court
WESTERN DISTRICT OF NEW YORK

FRANCISCO ANTONIO DONAYE-CONTRERAS

**JUDGMENT IN A CIVIL CASE**
CASE NUMBER: 26-cv-1077

v.

MARKWAYNE MULLIN

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus is granted.

Date: July 15, 2026

ANDREW W. MOELLER
CLERK OF COURT

By: s / Donna
Deputy Clerk

# Exhibit C

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BATAVIA IMMIGRATION COURT**

Respondent Name:
DONAYE-CONTRERAS, FRANCISCO ANTONIO

To:
Soto, Andrea
445 Hamilton Avenue
Suite 600
White Plains, NY 10601

A-Number:
240-128-954

Riders:
In Custody Redetermination Proceedings

Date:
07/21/2026

☐ Unable to forward - no address provided.

☑ Attached is a copy of the **decision of the Immigration Judge.** This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

Board of Immigration Appeals
Office of the Clerk
P.O. Box 8530
Falls Church, VA 22041

☐ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252B(c)(3) in deportation proceedings or section 240(b)(5)(c), 8 U.S.C. § 1229a(b)(5)(c) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

Immigration Court

☐ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available.

☐ Attached is a copy of the decision of the immigration judge relating to a **Credible Fear Review.** This is a final order. No appeal is available.

☐ Other:

Date: 07/21/2026

Immigration Judge: BAUMGARTEN, MARY 07/21/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : DONAYE-CONTRERAS, FRANCISCO ANTONIO | A-Number : 240-128-954

Riders:

Date: 07/21/2026 By: WITTMEYER, PETER, Court Staff

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BATAVIA IMMIGRATION COURT**

Respondent Name:
DONAYE-CONTRERAS, FRANCISCO ANTONIO

To:
Soto, Andrea
445 Hamilton Avenue
Suite 600
White Plains, NY 10601

A-Number:
240-128-954
Riders:
In Custody Redetermination Proceedings

Date:
07/21/2026

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
for the reasons set forth on the record and in the oral decision and order based upon risk of flight.

☐ Granted. It is ordered that Respondent be:
- ☐ released from custody on his own recognizance.
- ☐ released from custody under bond of $
- ☐ other:

☐ Other:

Immigration Judge: BAUMGARTEN, MARY 07/21/2026

| | | | | | |
|---|---|---|---|---|---|
| Appeal: | Department of Homeland Security: | ☑ | waived | ☐ | reserved |
| | Respondent: | ☐ | waived | ☑ | reserved |
| Appeal Due: | 08/20/2026 | | | | |

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : DONAYE-CONTRERAS, FRANCISCO ANTONIO | A-Number : 240-128-954

Riders:

Date: 07/21/2026 By: WITTMEYER, PETER, Court Staff